IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVE A. CRANDALL, DOLLY BEULAH MILDRED CRANDALL, and GARY DAVID CRANDALL, | ) ) ) ) | 8:10CV00122 |
| Plaintiffs, | ) ) | |
| v. | ) ) | FINDINGS AND RECOMMENDATION |
| SARPY COUNTY, NEBRASKA, | ) ) | |
| Defendant. | ) | |

This matter comes before the court on the plaintiffs' motion to remand (filing no. 4). The plaintiffs argue this case must be remanded to the District Court of Sarpy County, Nebraska because removal was procedurally barred and, based on the allegations on the face of plaintiffs' complaint, this court lacks subject matter jurisdiction. Plaintiffs move for an order sanctioning the defendant for improperly removing this case. Filing No. 12. The defendant opposes remand and argues removal was proper because the parties have a related case pending in federal court (8:10cv97) and therefore the court "has supplemental jurisdiction over the state law claims" alleged in this action. Filing No. 7, p. 7.

For the reasons set forth below, the plaintiffs' motion to remand the case to the District Court of Sarpy County should be granted. It is further recommended that the court deny the plaintiffs' motion for sanctions without prejudice to filing such a motion in the state forum following remand.

**FINDINGS OF FACT**

Originally filed in the District Court of Sarpy County, Nebraska on February 14, 2006, this case comes before the court with a lengthy and contentious history. The action

stems from a condemnation proceeding in which Sarpy County, Nebraska (the "County") exercised its power of eminent domain over a parcel of property (the "Property") owned by the plaintiffs. The County filed a condemnation action and the Board of Appraisers set the value of the Property at $365,500. The plaintiffs appealed the valuation of the Property by filing a Notice of Appeal with the County pursuant to Nebraska state law on February 14, 2006. The Petition on Appeal was filed on March 7, 2006 and the County filed its answer on April 13, 2006. The case was originally set for trial on December 22, 2009. Upon the motion of the defendant, the trial was continued until April 26, 2010.

Plaintiffs filed a factually related case in the United States District Court for the District of Nebraska on March 12, 2010 (case no. 8:10cv0097). In addition to the County, the suit names numerous other defendants including the City of Papillion, the Nebraska Real Property Appraiser Board and various individuals. The plaintiffs allege the defendants violated their rights under 42 U.S.C. §§ 1983 & 1985. Specifically, the plaintiffs assert the defendants violated these statutes by "interfering with the Crandalls' right to just compensation for property taken, conspiring to deter, intimidate, and threaten witnesses in the Eminent Domain Litigation from testifying freely, fully and truthfully, impending and delaying the Crandalls' right to a fair, impartial, and just trial, and interfering with and violating the Crandalls' right to due process of law" and by "conspiring to influence the verdict in the Eminent Domain Litigation." The plaintiffs base these claims on the allegedly improper conduct of the named defendants in connection with the condemnation action.

The defendant filed a Notice of Removal of the state court case, (filing no. 1), on April 2, 2010. The defendant alleges the removed state case (which is the subject of the motion to remand discussed herein) is so related to plaintiffs' separately filed federal case (case no. 8:10cv0097), that this court has supplemental jurisdiction over the state court case

pursuant to 28 U.S.C. § 1367 (filing no. 1, ¶ 3). Due to the defendant's Notice of Removal, the scheduled April 26, 2010 state court trial in this lawsuit was continued.

## ANALYSIS

### a. Motion for Remand

The procedure for removal is statutorily defined and courts "cannot construe jurisdictional statutes any broader than their language will bear." Bauer v. Transitional School Dist. Of City of St. Louis, 255 F.3d 478, 480 (8th Cir. 2001). The general requirements for removal are found in 28 U.S.C. § 1441. This statute provides, in part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441 (a), (b) & (c).

A case may be removed to federal court only if the federal court has original jurisdiction over the case, e.g., either diversity jurisdiction or federal question jurisdiction is present. See 28 U.S.C.A. § 1446(a); Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 706 (8th Cir. 2002); Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 2002). The grounds for removal must be present on the face of the complaint subject to the removal request. See Pet Quarters, Inc. v. Depository Trust and Clearing Corp., 559 F.3d 772, 779 (8th Cir. 2007)(citations omitted). Federal question jurisdiction "may be found from a complaint if adjudication of a state claim would turn on a federal constitutional or other important federal questions, even where only state law has been pled."[1] Pet Quarters, Inc., 559 F.3d at 772 (citing Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808-09 (1986).

The plaintiffs' 2006 state court action removed to this forum is a valuation appeal of a county condemnation action under Nebraska's eminent domain statutes. As the defendant concedes in its brief "[n]o part of that state action falls under original federal jurisdiction, nor was it removable to federal court on any legal basis at [the time it was filed]"(filing no. 5, p. 6). The state court action appeals the finding of a board of appraisers. See Neb. Rev. Stat. § 76-715.01. In their petition on appeal, the plaintiffs state two causes of action: (1) the Board of Appraisers did not adequately value the Property and (2) the defendant did not negotiate in good faith as is required under Nebraska law. The plaintiffs' claims, as alleged, do not raise a claim for recovery or relief under federal law. See Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009)(noting that the plaintiff may avoid federal jurisdiction by reliance on state law in the

---

[1] In this case diversity jurisdiction is clearly not present; thus, the court need only focus its analysis on federal question jurisdiction.

complaint)(citations omitted); see also City of Sachse, Texas v. Kansas City Southern, 564 F. Supp. 2d. 649, 653, n.1 (E.D. Tex. 2008)(citing Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998)(finding that a defendant may not remove a claim to federal court based on a federal claim that the plaintiff could have asserted). Nor do either of plaintiffs' claims rest on resolving a federal question which preempts state law. See, e.g., Fessler v. Sauer, 316 Fed. Appx. 174, 176-177 (3d Cir. 2009) (finding that a state court is the proper forum in which to raise concerns over adequate compensation related to an condemnation action). Thus, on the face of plaintiffs' complaint herein, there is no basis for federal question jurisdiction.

Relying on McNerny v. Nebraska Public Power Dist, 309 F.Supp.2d 1109, 1114 (D. Neb. 2004), the defendant argues that although the state court action was not subject to removal in 2006, once the plaintiffs filed case no. 8:10cv0097 in the federal district court, the court obtained supplemental jurisdiction over the state case because the state and federal cases "arise from the same transaction"(filing no. 7, p.7). Contrary to its argument, McNerny does not support the defendant's position. In McNerny, an employee filed a state court action against an employer alleging several state law claims and requested damages under § 1983. The employer removed the case based on federal question jurisdiction. When the employer asserted a counterclaim based on state law, the employee moved to remand. The court denied the motion for remand because sufficient grounds existed on the face of the complaint filed in state court for the federal court to exercise original jurisdiction. Id. at 1118. McNerny did not involve separate state and federal lawsuits, but rather state and federal claims filed together in the same lawsuit. McNerny did not address or hold that a state case alleging a right to recover under state law becomes removable when the plaintiff files a related, but separate case alleging a right to relief under federal law.

5

As expressly acknowledged in McNerny, supplemental jurisdiction "is not a source of original federal subject matter jurisdiction and cannot provide an independent basis for removal under § 1441." Id. at 1115. If the case for which removal is sought does not address a federal question, but is factually intertwined with another case before the federal district court, supplemental jurisdiction cannot create a basis for the original jurisdiction required for removal under 28 U.S.C. § 1441. Syngenta Crop Protection v. Hensen, 537 U.S. 28, 34 (2002). Supplemental jurisdiction is governed by 28 U.S.C.A. § 1367(a) which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). While the court may exercise jurisdiction over related claims, supplemental jurisdiction does not provide a separate basis for removing a state court case to federal court, even if removal would arguably create judicial efficiency. See Motion Control Corp., 354 F.3d at 705-06; see also Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996)(removal not appropriate even if "the action defendant seeks to remove is related to another action over which the federal district court already has subject matter jurisdiction).

The issue of remand in this case is governed by the Eighth Circuit's reasoning and ruling in Motion Control. In Motion Control, a manufacturer and supplier were litigating a breach of contract case in federal court while simultaneously engaged in arbitration over the same contract. After receiving an unfavorable arbitration award, the manufacturer filed suit in a Minnesota state court seeking to modify or vacate the arbitrator's ruling. The

6

supplier removed the state court action to federal court, asserting it was "factually interdependent" with the federal court case. Id. at 704. The manufacturer's motion to remand was denied by the district court. However, the Eighth Circuit overruled the trial court's ruling, holding the federal district court could not exercise original jurisdiction over the removed state court case. Id. at 705-06. Motion Control reasoned that even though the state and federal cases were factually related and judicial economy would be served by resolving the cases together, neither the federal statutes nor the supplemental jurisdiction statutes allow for the removal of a state court case for the sole purpose of consolidating the state case with a related federal case. Id. at 706. "[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action, even if such an approach would have the benefits of efficiency . . . ." See Motion Control Corp., 354 F.3d at 705-06.

The law does not permit removal of plaintiffs' action challenging the amount received in a state condemnation proceeding under state law. See Motion Control Corp., 354 F.3d at 705-06. Plaintiffs' motion to remand this case should be granted.

  b. **Motion for Attorney Fees and Sanctions**

The plaintiffs filed a motion for sanctions and an award of attorney fees under Fed. R. Civ. P. 11. Although the underlying case should be remanded to the District Court of Sarpy County, this court remains entitled to rule on the motion for sanctions. See Willy v. Coastal Corp., 503 U.S. 131 (1992). A federal court which lacks jurisdiction over the subject matter of a case may nonetheless decide whether Rule 11 sanctions are warranted because imposing sanctions is a "collateral" issue addressing whether an attorney has "abused the judicial process," and is not a "judgment on the merits" of the underlying action. Willey, 503 U.S. at 138 (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96

(1990)). Even after remand, the federal court retains an interest in policing the conduct of the parties that come before it, including those parties that attempt to remove an action from state court, and may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447.

Although this court remand a case while retaining jurisdiction to resolve a motion for sanctions, and this court has invested time to sort out the jurisdictional question posed by the defendant's improper removal, the District Court of Sarpy County has presided over this case for years and is in a far better position to ascertain the harm caused to the plaintiffs when this action was removed. Moreover, it is the state court's trial docket which was abruptly disrupted by defendant's improper removal. It is therefore recommended that plaintiffs' request for Rule 11 sanctions be denied without prejudice to refiling a motion for such relief in the District Court of Sarpy County following remand.

### c. **Related Case/Reassignment.**

This case and case number 8:10cv97 are "related cases" because "they involve some or all of the same issues of fact," and "arise out of the same transaction." NEGenR 1.4(a)(4)(C)(iii). Both cases were initially assigned to the undersigned magistrate judge for full disposition. However, the parties did not consent to the jurisdiction of the undersigned magistrate judge in 8:10cv97, and that case has now been reassigned to a Chief Judge Joseph F. Bataillon and Magistrate Judge F. A. Gossett. Since this case is related to 8:10cv97, it must also be reassigned.

IT THEREFORE IS RECOMMENDED to the United States District Judge to whom this case will be assigned, pursuant to 28 U.S.C. § 636(b), that the motion to remand filed by the plaintiffs (filing no. 4) be granted. It is further recommended that the assigned

District Judge deny the plaintiffs' motion for sanctions (filing no. 12) without prejudice to refiling a motion for such relief in the District Court of Sarpy County following remand.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1) This case and case number 8:10cv97 are "related cases" as that term is defined under Nebraska General Rule 1.4(a)(4)(C)(iii).

2) The Clerk shall reassign this case to a United States District Judge in accordance with Nebraska General Rule 1.4(a)(4)(B).

DATED this 4th day of June, 2010.

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.